IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE A. AGUIRRE-RODRIGUEZ, et. al. <br><br>**Plaintiffs** <br><br> v. <br><br> LITTLE CAESARS, et. al. <br><br> **Defendants** | **CIVIL NO**. 04-1361 (JAG) |

**ORDER**

On September 10, 2004, Plaintiffs filed this complaint pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws. Ann. §§ 5141-5142, alleging that the Defendants discriminated against Plaintiff Jose Aguirre on the basis of his diabetic condition (Docket No. 1). The Defendants now seek dismissal of all claims against Nelson Santana, Marilyn Perez, and Sylvia Madera, all three managers at Little Caesars during Plaintiff's employment (Docket No. 23).[1]

This court has consistently held that under the ADA, supervisors cannot be held individually liable for their discriminatory behavior. Julia v. Janssen, Inc., 92 F.Supp.2d 25,

---

[1] On November 22, 2004, the Court dismissed Plaintiff's additional claims under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. §§ 2000e - 2000e-17 (Docket No. 16).

Civil No.  04-1361 (JAG)                                              2

28-29 (D.P.R. 2000); see also Rivera Garcia v. Sistema Universitario Ana Mendez, 329 F.Supp. 2d 213, 217 (D.P.R. 2004); Vicenty Martell v. Estado Libre Asociado, 48 F.Supp.2d 81, 87-88 (D.P.R. 1999); Sifre v. Dep't of Health, 38 F.Supp.2d 91, 105-06 (D.P.R. 1999). This is consistent with the majority of Circuit's interpretation of the ADA.  See, e.g., Butler v. City of Prairie Vill., Kan., 172 F.3d 736, 744 (10th Cir. 1999); Mason v. Stallings, 8 F.3d 1007, 1009 (11th Cir. 1996); E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1278-1282 (7th Cir. 1995) (all holding that unless an individual independently meets the ADA's definition of "employer", he cannot be held independently liable pursuant to that Act).

   Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiffs' ADA Claims against Nelson Santana, Marilyn Perez, and Sylvia Madera are hereby dismissed **with prejudice**.  State law claims against them are dismissed **without prejudice**.  There being no just reason for delay, the Court will enter partial judgment pursuant to Fed.R.Civ.P. 54(b).

   IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 14th day of June 2005.


                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge